Harold A. Felix, J.
Respondent’s motion is granted and the paternity petition is dismissed without prejudice, but with leave for the Corporation Counsel to recalendar the proceeding within 20 days of the date hereof, if he is prepared to adduce proof that the mother herein is the recipient of public assistance, is likely so as to be and eligible therefor. On the facts us represented to the court, however, the mother is gainfully employed, and has been for some time, as a nurse’s aide in one of the municipally operated hospitals, does not receive welfare assistance, nor has ever applied for the same. Undisputed also are that the mother failed to institute action within the two-year period of limitation as provided in subdivision (a) of section 517 of the Family Court Act and that no acknowledgment of paternity has been made by the father in writing or by furnishing support. The proceeding was commenced in the name of the Commissioner of Welfare of the City of New York on request of the mother in an affidavit signed by her identifying the respondent as the father of the child born on April 6, 1961. Allegedly, no screening of the mother in respect to her eligibility for public assistance was ever effected.
The Corporation Counsel argues that the possibility of the mother or child becoming in need of public assistance sometime in the indefinite future by reason of the uncertainty of the mother’s employment permits the bringing of the action now under subdivision (b) of section 517 of the Family Court Act, which gives a public welfare official a period of 10 years after the birth of the child to originate a proceeding to establish paternity. I do not find his argument persuasive in that respect. Nor do I find tenable the argument that because the means of the mother, adequate in amount to disqualify her from public assistance but, perhaps, questionable as to meeting yardsticks *772 of measure of community service agencies as to what may be more realistic subsistence minima, the jurisdiction of the Commissioner of Welfare may be asserted in the absence of proof that the mother meets the criteria of that department and is eligible for welfare.
It appears reasonable to the court that the traumatic experience of giving birth to an out-of-wedlock child is of such catalytic character as should prompt action by the mother against a claimed putative father within the two-year period of the statute. It seems clear further that the 10-year period of time for the Commissioner of Welfare to originate a proceeding to establish paternity is conditioned on the mother’s being a public charge or likely so to be — a condition that is not met by anything short of an imminent need of public assistance to her or the child as of the time of the proceeding. To hold otherwise, in the court’s view, is tantamount to making ineffective the limitation of subdivision (a) of section 517.